## PAHUILIMA *et al. vs.* KELA *et al.*

### IN EQUITY. BEFORE JUDD, C.J.

### JUNE, 1885.

The Court declines to issue an injunction against proceedings in an action of ejectment: for although plaintiff in ejectment had delayed bringing suit for eighteen years, with full knowledge of adverse claims, yet his right to recover was a legal one and could only be barred by the full running of the statutory period of twenty years.

Temporary injunction granted against the ejectment suit, in order to allow the settlement of a question in the Probate Court as to a matter material to the action of ejectment.

### DECISION OF JUDD, C.J.

The essential facts set forth in this bill are as follows:—

One Kauakahi, of Waipouli, Kauai, died in 1867, without issue, seized and possessed of certain premises situate at Waipouli, granted to him by Royal Patent No. 4855. He left a will devising a portion of the premises to one Pahuai, and a portion to one Debora, his wife. This will was partially destroyed by fire, but enough remained by which it could be identified, and within five years from the death of Kauakahi it was presented by Pahuai and Pahuilima to Circuit Judge McBryde, of Kauai, for probate. Judge McBryde was uncertain whether to admit it, and deferred judgment thereon, and was

thereafter taken with a lingering illness and died. Search has been made for the will by his successor, Judge Hardy, but no trace of it can be found. Since the death of Kauakahi, his widow Debora has occupied the portion of the premises devised to her, being the eastern half of the larger of the premises with a house thereon and a pond adjacent, until her death, and after her death her heirs-at-law have succeeded to the possession without opposition or interference from Pahuai or his represen- tatives. That Pahuai has, without interference from Debora or her heirs, occupied since the death of Kauakahi the remaining portion of the premises, being the same as devised to him by the will of Kauakahi, until about a year ago, when he died intestate leaving the plaintiff Kapokalani, his grand-child and sole heir, in possession.

In March, 1885, the defendants, as heirs of Kauakahi, filed a complaint in ejectment against the plaintiffs to recover posses- sion of this land. The bill further alleges that the defendants, living near by, knew of the death of Kauakahi, and the subse- quent adverse occupation of a portion of the premises by Pahuai and the plaintiffs, and have never opposed nor disputed such occupation, nor claimed the premises until the suit in eject- ment, and so the defendants are guilty of gross laches on the prosecution of their rights, and long and unreasonable ac- quiescence in the adverse possession of Pahuai and his heir, and should not be permitted to prosecute their claims at this late day.

And the bill further alleges that it is important to them and necessary in order to defend the ejectment suit, that the question of the probate of the will should be decided before trial. An injunction is prayed for until the further order of the Court.

The bill is demurred to.

The first question raised is whether the delay on the part of the heirs of Kauakahi in bringing their suit in ejectment, and acquiescence in the possession of the plaintiff and their ancestor, should conclude the defendants of their right to recover the land by suit at law. Kauakahi died in 1867. The Statute of Limita-

tions has not yet run in the plaintiff's favor. To put the question more tersely: Should equity enjoin A. from asserting a legal title, not barred by the Statute of Limitations, against B. because of A.'s knowledge of and acquiescence in B.'s possession for eighteen years? I think not.

I am aware of the principle upon which equity acts in declining relief where the party has allowed his claim to become stale; but these are all equitable claims. The citations, Sec. 1520 of Story, Eq. Jur., and other citations in plaintiffs' brief, are all upon claims which were cognizable only in a Court of Equity. Here the defendants' right to recover possession of the land is a legal one. It can only be barred by the full running of the statutory period of twenty years.

On this ground the demurrer should be sustained.

But the bill alleges that the question, whether probate of the will of Kauakahi can be obtained, should be determined before the suit at law can be tried with safety to the defense. The bill asks that the suit be enjoined until the further order of the Court, presumably in order that probate may be obtained. The allegations of the bill are not very full on this point. But I think enough is presented to warrant me in holding the injunction until a reasonable time is afforded the plaintiffs to present the matter of the probate of the lost will of Kauakahi to a Court having jurisdiction, and secure its judgment upon it. On the face of the bill nothing appears why probate should not be granted.

For this purpose the injunction may stand until the first day of the October Term, 1885, of this Court. I will then hear a motion to dissolve. Costs divided.

*S. B. Dole,* for plaintiff.

*Kinney & Peterson,* for defendant.

Honolulu, June 23d, 1885.